**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-50413**
**Summary Calendar**

**In The Matter Of: DELORIS SIMMONS,**

**Debtor.**

--------------------
**DELORIS SIMMONS,**

**Appellant,**

**VERSUS**

**PHYLLIS BRACHER,**

**Appellee.**

Appeal from the United States District Court
for the Western District of Texas
(EP-99-CV-12-F)

November 24, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This is an appeal of the bankruptcy court's refusal, affirmed by the district court, to confirm a Chapter 13 bankruptcy plan. The bankruptcy plan gave a debt co-signed by the debtor's ex-husband priority over all other unsecured claims, so that the co-signed debt would have to be paid in full before any other claims could be paid. The relevant statutory provision allows a plan to "designate a class or classes of unsecured claims, as provided in § 1122 of this Title, but may not discriminate unfairly against any

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

class so designated; however, such a plan may treat plans for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims."  11 U.S.C. § 1322(b)(1).  The bankruptcy court concluded that the phrase prohibiting the plan from "discriminating unfairly against any class" applied to the class where "an individual is liable on such consumer debt with the debtor."  Since the debtor had failed to articulate the reasons for the special classification proposed and had failed to introduce information as to the pre-petition status or terms of the debts co-signed by her ex-husband and had failed to establish the financial conditions of the ex-husband, the classification in question did unfairly discriminate against the other classes.  The debtor appealed to the district court who affirmed the bankruptcy court's conclusion.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself.  For the reasons stated by the district court in its Order affirming the bankruptcy court's decision filed under date of March 26, 1999, we AFFIRM the Final Judgment of the district court entered under date of March 26, 1999, which affirmed the bankruptcy court's decision.  *See also **In the Matter of Oscar Chacon, Jr. and Patricia Chacon, Debtors***, No. 99-50163 (5th Cir. Sept. 24, 1999 (unpublished)).

**AFFIRMED.**

2